**Derrick Lee BILLUPS, Plaintiff–Appellant,**

v.

**T.L. HAMMON; et al., Defendants–Appellees.**

No. 06–55274.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

Derrick Lee Billups, Colinga, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan Eileen Coleman, Esq., Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

California state prisoner Derrick Lee Billups appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging defendants subjected him to excessive force and later violated his First and Fourteenth Amendment rights during disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Billups' claim that he was denied access to courts because he failed to present evidence that he suffered actual injury to "contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *See Lewis v. Casey,* 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The district court also properly granted summary judgment on Billups' claim that his Fourteenth Amendment rights were violated during disciplinary proceedings, because the evidence shows he received adequate notice of the disciplinary hearing in which he was found not guilty of the battery charge. *See Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (due process requires inmate receive advance written notice of disciplinary charges, an opportunity to present a defense, and an explanation for the decision).

Moreover, the district court properly dismissed Billups' claims that defendants conspired to violate his constitutional rights, because Billups failed to allege facts showing a conspiracy. *See Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982) (vague and conclusory allegations of a conspiracy are insufficient).

Finally, the district court properly granted summary judgment on Billups' claim that Hammon used excessive force against him, because Billups failed to present evidence to counter defendants' evidence showing his back pain was caused by degenerative disc disease, and not by Hammon's actions. *See Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir.2000) (a plaintiff bringing a section 1983 claim must show his injury was caused by defendants' actions).

We find the remaining contentions unpersuasive.

All pending motions are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.